UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM L. CARTER,
   Plaintiff,

vs().                                                                  No. 06-1189

CORRECTIONAL OFFICER STEVENS,
   Defendant.

ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the merit review hearing by telephone conference call.

     The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 against Defendant Correctional Officer Stevens claiming his constitutional rights were violated at Pontiac Correctional Center. The plaintiff says the defendant failed to protect him from assault and failed to provide him with medical care.

     The plaintiff says he filed a grievance in August of 2004 reporting that another inmate was threatening him. His counselor responded that correctional officers were made aware of the problem and would take appropriate steps. Nonetheless, the plaintiff says he continued to live next door to this inmate and would pass his cell several times.

     On August 19, 2004, Defendant Stevens took the plaintiff by the inmate's cell without first securing the area and the inmate threw urine on the plaintiff. The plaintiff says the officer then refused to let the plaintiff go to the Health Care Unit for "appropriate immediate biohazardous 'cleansing and testing for viral diseases.'" (Comp, p. 12). The other inmate was disciplined for his actions.

     The other inmate no longer lives next door to the plaintiff. However, during the merit review hearing the plaintiff says the inmate still lives in the same gallery area. The plaintiff says he is in a single person cell in the segregation unit and does not come into contact with the other inmate when he is out of his cell.

A review of the plaintiff's litigation records shows that he has earned three strikes: 1) *Carter v. Mote*, case number 04-cv-1207 and 2) *Carter v. Mote*, 04-cv-1255, both dismissed by this court for failure to state a claim on July 23, 2004 and October 7, 2004, respectively; 3) and *Carter v. Bigley*, 03-cv-0468, dismissed as frivolous on November 7, 2003, by the Honorable Judge Stiehl in the Northern District of Illinois. As a result, the court must deny the plaintiff's petition to proceed in forma pauperis because 28 U.S.C. § 1915(g) states that "in no event shall a prisoner bring a civil action . . . under this section . . . if the prisoner has . . . [three strikes] . . ., unless the prisoner is under imminent danger of serious physical injury."

The plaintiff's claims against the defendant does not meet the "imminent danger" exception in 28 U.S.C. § 1915(g). That exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury' . . ." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "The 'imminent danger' exception to Section 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat is real and proximate.' *Heimermann v. Litxcher*, 337 F.3d 781 (7th Cir. 2003). The incident the plaintiff complains about occurred nearly two years before he filed this lawsuit. While the plaintiff possibly states an Eighth Amendment claim, it does not fall under the imminent danger exception, as the plaintiff does not face serious physical injury and he waited some time before filing this lawsuit. Therefore the plaintiff was not in imminent danger when he brought his lawsuit. The plaintiff must therefore prepay the $350.00 filing fee before proceeding on his claim.

**IT IS THEREFORE ORDERED that:**

> **The plaintiff's Application to Proceed In Forma Pauperis [d/e 1] is denied pursuant to 28 U.S.C. Section 1915(g). The plaintiff is directed to send an institution check or money order in the amount of the full filing fee, $350.00, within 14 days of the entry of this order. Failure to do so will result in dismissal of the plaintiff's complaint, the termination of this case, and the assessment of the filing fee against the plaintiff's trust account pursuant to 28 U.S.C. Section 1915(b)(1). The clerk of the court is directed to set a deadline.**

Enter this__25th____ day of August, 2006.

                s\Harold A. Baker

            _____
                   HAROLD A. BAKER
               UNITED STATES DISTRICT JUDGE