UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM L. CARTER,
  Plaintiff,

vs.                            No. 06-1189

CORRECTIONAL OFFICER STEVENS,
  Defendant.

### ORDER

On August 25, 2006, the court denied the plaintiff's motion to proceed in forma pauperis and told the plaintiff he must pay the full $350 filing fee on or before September 8, 2006. A review of the plaintiff's litigation records showed that he had earned three strikes for filing previous lawsuits that failed to state a claim upon which relief could be granted. ( *See Carter v. Mote*, 04-cv-1207; *Carter v. Mote*, 04-cv-1255; *Carter v. Bigley*, 03-cv-0468). Therefore, the plaintiff could not proceed in forma because 28 U.S.C. § 1915(g) states that "in no event shall a prisoner bring a civil action . . . under this section . . . if the prisoner has . . . [three strikes] . . ., unless the prisoner is under imminent danger of serious physical injury."

The court found the plaintiff did not meet the imminent danger exception. The plaintiff's complaint stated he no longer lived next door to the plaintiff. During the merit review hearing, the plaintiff said the inmate did still reside in the same gallery area.. However, the plaintiff also admitted he lived in a single person cell in the segregation unit and did not come into contact with the other inmate when he was out of his cell.

The plaintiff has failed to pay the filing fee and has instead filed a renewed motion to proceed in forma pauperis. [d/e 6]. The plaintiff states he is in imminent danger because 1) the inmate lives in the same gallery; 2) he has to pass by the other inmate's cell and 3) its possible he could have yard time with the other inmate.

The motion is denied. The "imminent danger" exception in 28 U.S.C. § 1915(g) is reserved for "genuine emergencies" where "time is pressing" and "a threat is real and proximate." *Heimermann v. Litxcher*, 337 F.3d 781 (7th Cir. 2003). The incident the plaintiff complains about occurred nearly two years before he filed this lawsuit, and he has not had contact with the inmate since.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's renewed motion to proceed in forma pauperis is denied. [d/e 6]**

**2) The plaintiff's case is dismissed in its entirety, without prejudice, for failure to pay the filing fee.**

**3) The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff shall notify the clerk of the court of a change of address within seven days of such change. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**6) The clerk is directed to add the plaintiff's name to the list of plaintiffs with three strikes in the Central District of Illinois. The plaintiff is advised that he must inform the court of his status pursuant to §1915(g) in any future lawsuits.**

ENTERED this \_\_\_12th_____ day of September, 2006.

\_\_\_s/Harold A. Baker_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE